**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10143 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-03698-RCC |
| v. | |
| ALBERTO CORTEZ-SANCHEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Marvin E. Aspen, District Judge, Presiding[**]

Submitted March 12, 2013[***]

Before:     PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

Alberto Cortez-Sanchez appeals from the district court's judgment and

challenges his guilty-plea conviction and 24-month sentence for reentry after

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Marvin E. Aspen, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

[***]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

deportation, in violation of 8 U.S.C. § 1326.  Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Cortez-Sanchez's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record.  We have provided Cortez-Sanchez the opportunity to file a pro se supplemental brief.  No pro se supplemental brief or answering brief has been filed.

Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable grounds for relief on direct appeal as to Cortez-Sanchez's conviction and custodial sentence.  However, before Cortez-Sanchez was sentenced, the Guidelines were amended to recommend against the imposition of supervised release in cases where the defendant is likely to be deported after imprisonment.  *See* U.S.S.G. § 5D1.1(c) & cmt. n.5 (2011). Because the record suggests that the district court did not consider section 5D1.1(c) when it imposed supervised release in this case, we vacate Cortez-Sanchez's 3-year term of supervised release and remand for the district court to reconsider the imposition of supervised release in light of that section.

Counsel's motion to withdraw is **GRANTED.**

The government's motion to strike a misfiled letter is **GRANTED.**

**AFFIRMED, sentence VACATED in part, REMANDED.**

12-10143